UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF EMAIL ACCOUNTS HOSTED BY GOOGLE AND INFORMATION ASSOCIATED WITH **POLLARDJHS@GMAIL.COM AND GEPMAN8503@GMAIL.COM** THAT ARE STORED AT PREMISES CONTROLLED BY GOOGLE, INC., GOOGLE PAYMENT CORP., A SUBSIDIARY OF GOOGLE, INC., AND ALPHABET, INC. | Case No.  4:21mj132-MAF<br><br>**FILED UNDER SEAL** |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Michael Harville, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for search warrants for information associated with certain files and such files are owned, maintained, controlled, or operated by Google, Inc. and Google Payment, Corp., a subsidiary of Google, Inc., and Alphabet, Inc. (hereinafter "Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California.  The information to be

1

FILED USDC FLND TL
JUN 7 '21 AM10:04


searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § § 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.      I am a Special Agent with Homeland Security Investigations (HSI), and have been since March 2003, being duly sworn, state who is empowered by law to conduct investigations of and make arrests for offenses enumerated in Title 18, United States Code, Sections 2252A (certain activities relating to material constituting or containing child pornography). I currently investigate cases relating to violations of immigration and customs laws, including possession of child pornography. I have conducted joint investigations and searches pertaining to these types of investigations and have assisted other agents in numerous similar investigations. As a law enforcement officer, I have conducted and assisted in investigations regarding violations of Title 18 United States Code, Sections 2252A(a)(2) relating to receipt and distribution of material constituting or containing child pornography.

3.    This affidavit is intended to show merely that there is sufficient proba-ble cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.    Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18 United States Code § 2252A (Possession of Child Pornography) have been committed by Eric Lipman. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities and/or contraband of these crimes further described in Attachment B.

## JURISDICTION

5.    This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

6.    On February 24, 2021, the National Center for Missing and Exploited Children (NCMEC) forwarded two related cyber tip reports (86237356 and 86945617) to the Leon County Sheriff's Office (LCSO) through the North Florida

Internet Crimes Against Children (ICAC) Task Force.   Yahoo! investigators identified a total of 24 emails sent from Yahoo! email account eml110561@yahoo.com with attached files containing Child Sexual Abuse Material (CSAM) between February 10,2021 and February 12,2021.  Yahoo! also identified the owner of the eml110561@yahoo.com account as Eric Lipman, who resides at 4385 Benchmark Trace in Tallahassee, FL.  Yahoo! further provided a recovery phone number for that account of 850-228-3076 which was verified by Yahoo! on February 8, 2021.

7.     A state search warrant was issued on March 5, 2021, to Yahoo! for the contents of the Yahoo! email account associated with email address eml110561@yahoo.com.  On or about March 17, 2021, Yahoo! provided its responsive data to the search warrant.  The files were confirmed to contain CSAM material.  Each file was found to be a video file depicting nude prepubescent children (male and female) ranging from toddler-age to young pre-teens.  Several of the videos were also found to depict sexual contact between toddler aged children and adults, both male and female.

8.     A review of the data provided by Yahoo! in response to the search warrant revealed that there were some emails sent from email address eml110561@yahoo.com to email address eml110561@yahoo.com on February 11,

4

2021, between approximately 7:00 PM and 11:00 PM EST that were the same as the twenty-four (24) email messages containing CSAM that were part of the cyber tips received by NCMEC. A review of the attached files confirmed that they contained CSAM. Additionally, Yahoo! provided the recovery account for eml110561@yahoo.com to be **GEPMAN8503@GMAIL.COM**, a Google LLC account. In addition to being the recovery email for eml110561@yahoo.com, **GEPMAN8503@GMAIL.COM** was used by Lipman for several personal logins.

9.  Many of those emails were also sent from email address eml110561@yahoo.com to email address eml110561@yahoo.com and contained URLs[1] (web links) for a web site called MEGA.NZ. The web links had been copied and pasted by the user into the body of each email message. Upon being clicked, each link led to a MEGA.NZ error message that indicated that the file(s) associated with the link(s) had been removed/taken down due to illegal content.

10.  On April 19, 2021, a federal search warrant was obtained for contents of MEGA.NZ account associated with eml110561@yahoo.com. The MEGA.NZ account contained ten (10) of the files initially reported by Yahoo! to NCMEC. These files were present in the "Rubbish Bin", which had been restored by

---

[1] I know from my training and experience that a Uniform Resource Locator (URL), colloquially termed a "web address," is a reference to an Internet website.

MEGA.NZ in response to a preservation request made earlier. The "Rubbish Bin" contained forty-six (46) files, the majority of which containing CSAM.

11.     MEGA.NZ reported to investigators that email account **POLLARDJHS@GMAIL.COM** had opened a MEGA.NZ account on February 11, 2021, but was shut down for containing illegal content, presumably CSAM. MEGA.NZ linked the MEGA.NZ account created using email address **POLLARDJHS@GMAIL.COM** to eml110561@yahoo.com through the IP address in common which was used by Eric Lipman.

12.     In sum, the evidence from Yahoo! and MEGA.NZ indicates that Eric Lipman used email address eml110561@yahoo.com to retrieve and store various files containing CSAM from the MEGA.NZ web site, and in turn, emailed the CSAM files or links to CSAM stored at MEGA.NZ to the same email account to save the files for later viewing. The backup email account **GEPMAN8503@GMAIL.COM** is connected to this illegal activity. Lipman created a MEGA.NZ account using **POLLARDJHS@GMAIL.COM** but it was shutdown by MEGA.NZ for illegal content.

13.     It is common knowledge in the law enforcement investigative community that many users utilize multiple email accounts to share and/or store child pornography.

14.    A preservation request was sent to Google LLC for accounts **GEPMAN8503@GMAIL.COM** and **POLLARDJHS@GMAIL.COM**.  It was accepted by Google LLC on April 26, 2021, and indicated the records would be preserved for 90 days.

## BACKGROUND CONCERNING GOOGLE

15.    Based on my training and experience, information published by Google on its public websites, including, but not limited to, the following webpages:  the "Google legal policy and products" page available to registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on about.google.com; I have learned the following information about Google.

16.    Google, Inc. and Google Payment, Corp., a subsidiary of Google, Inc., and Alphabet, Inc. are United States companies that offer to the public through its Google Accounts ("Google") a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications.  Google also offers to anyone, whether or not they have a Google Account, a free web browser called Google Chrome, a free search engine called Google Search, a free video streaming site called YouTube, a free mapping service called Google Maps, and a free traffic tracking service called Waze. Many of these free services offer additional functionality if the user signs into their Google Account.

7

17.    I know that Google offers a free email service, called Gmail, and that Gmail email addresses have the suffix "@gmail.com." I also know that Google stores the email content and subscriber information for email accounts that are created by its users. I further know that Google retains and stores its users' registration information and IP logs relating to user access of the Gmail service. When a subscriber sends an e-mail, it is initiated by the user, transferred via the Internet to Google's servers, and then transmitted to its end destination. Google online account users have the option of saving a copy of the e-mail sent. Unless the sender of the e-mail specifically deletes the e-mail from the Google server, the e-mail may remain on the system indefinitely.

18.    In addition, Google offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Google also sells devices, including laptops, mobile phones, tablets, smart speakers, security cameras, and wireless routers. Users of Android and Google devices are prompted to connect their device to a Google Account when they first turn on the device, and a Google Account is required for certain functionalities on these devices.

19.    Google also offers a service through which a computer user can search webpages for text that the user enters. Under some circumstances, Google saves the user's text searches to the user's account. For users who enable the feature, Google will maintain Web History, recording information about the user's online

8

activity.  Web History records may include, among other things, the Google searches the user conducts, the web sites the user visits, and the videos the user watches.  Google's Web and App Activity records for a user may similarly save the user's search activity on applications and browsers, including information about the websites the user visits; the applications that he uses; advertisements that the user clicks; and the user's location, language, and IP address.  This activity information can be saved even when the user is offline.  Based on my training and experience, I am aware that a user's web and search history may constitute evidence of the crime, as well as indicate the user's identity and location.  Similarly, Google allows users to save to their account certain data relating to their use of Chrome, Google's web browser, including search history, bookmarks, and other settings.  The data is stored on Google's servers and made available to the user wherever Chrome is used, regardless of the device or location.  Based on my training and experience, information associated with Google Chrome may constitute evidence of the crime, as well as indicate the user's identity and location.

20.    Google keeps records that can reveal accounts accessed from the same electronic device, such as the same computer or mobile phone, including accounts that are linked by "cookies," which are small pieces of text sent to the user's Internet browser when visiting websites.  Such records and information can help law

enforcement link multiple, seemingly unrelated email addresses of importance in a particular investigation.

21.    Google provides services called Google Drive and Google Keep.  Google Drive allows users to create, store, edit, and share files, including, through a suite of productivity apps (Docs, Sheets, and Slides), documents, spreadsheets, and presentations.  Google Drive may also contain data used by third-party apps, including backup files for instant messaging applications.  Google Keep allows users to quickly create, update, and share notes and lists.  Users can also add images to notes and lists created with Google Keep.  Files on Google Drive, and notes and lists on Google Keep, remain on Google servers indefinitely unless deleted by the user, and for a period of time following deletion.  In my training and experience, evidence of who was using a Google account, and evidence related to criminal activity of the kind described above, may be found in these files and records.

22.    Google Payment Corp., a subsidiary of Google, offers Google Pay, a service that allows users to make online and in-person purchases from sellers, send money to and receive money from individuals, and store credit, gift, and loyalty cards.

23.    In my training and experience, evidence of who was using a Google account and from where, and evidence related to criminal activity of the kind

10

described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

24.   Based on my training and experience, messages, emails, voicemails, photos, videos, documents, and internet searches are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation. Thus, stored communications and files connected to a Google Account may provide direct evidence of the offenses under investigation.

25.   In addition, the user's account activity, logs, stored electronic communications, and other data retained by Google can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, email and messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geo-location, date and time)]] may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account. Such information also allows

11

investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

26.     Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation.  For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

27.     Other information connected to the use of a Google account may lead to the discovery of additional evidence.  For example, the apps downloaded from the Google Play store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators.  In addition, emails, instant messages, Internet activity, documents, and contact and calendar information can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation.

28.     Therefore, Google's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Google services.  In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

## SEARCH PROCEDURE

29.     In order to facilitate seizure by law enforcement of the records and information described in Attachments A and B, this affidavit and application for search warrant seek authorization, pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), to permit employees of Google, Inc. and Google Payment, Corp., a subsidiary of Google, Inc., and Alphabet, Inc. to assist agents in the execution of this warrant. In executing this warrant, the following procedures will be implemented:

   a. The search warrant will be presented to Google, Inc. and Google Payment, Corp., a subsidiary of Google, Inc., and Alphabet, Inc. personnel who will be directed to the information described in Attachments A and B;

   b. In order to minimize any disruption of computer service to innocent third parties, Google, Inc. and Google Payment, Corp., a subsidiary of Google, Inc., and Alphabet, Inc. employees will create an exact duplicate of the computer accounts and files described in Attachments A and B, including an exact duplicate of all information stored in the computer accounts and files described therein;

   c. Google, Inc. and Google Payment, Corp., a subsidiary of Google, Inc., and Alphabet, Inc. employees will provide the exact duplicate in

13

electronic form of the information described in Attachments A and B, and all information stored in those accounts and files, to the agent who serves this search warrant; and

d. Following the protocol set out in Attachment B, law enforcement personnel will thereafter review all information and records received from Google, Inc. and Google Payment, Corp., a subsidiary of Google, Inc., and Alphabet, Inc. employees to locate the information to be seized by law enforcement personnel pursuant to this search warrant being sought.

## **TECHNICAL TERMS**

30.     Based on my training and experience, and from consulting other federal agents, I use the following technical terms to convey the following meanings and the meanings for technical terms used in footnotes within this affidavit:

a. IP Address: The Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

b. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the

14

structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c. Storage medium: A storage medium is any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, DVDs, USB drives, and other magnetic or optical media.

## **CONCLUSION**

31.    Based on the forgoing, I request that the Court issue the proposed search warrant.

32.    Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.  The government will execute this warrant by serving the warrant on Google.  Because the warrant will be served on Google, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Michael Harville
Special Agent
Homeland Security Investigations
(HSI)

Subscribed and sworn to before me on this 7 day of June, 2021.

Honorable Martin Fitzpatrick
United States Magistrate Judge